IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DERRICK MIKE ALLEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV1173 |
| ) | |
| BROOKS, PIERCE, MCLENDON, ) | |
| HUMPHREY & LEONARD, LLP, et al., ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Derrick M. Allen, Sr., submitted a pro se complaint under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), which allows for suits based on violations of certain constitutional rights by federal officials, and 42 U.S.C. § 1983, which allows for suits against state actors for certain federal civil rights violations. Plaintiff requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names his former attorney, Kearns Davis, and Davis's law firm as Defendants in this action based on allegations that Defendant Davis did not properly handle the representation of Plaintiff in a criminal matter in this Court in case 1:17CR157-1 because he did not use Plaintiff's correct name. Plaintiff also names as Defendants the Durham County Detention Center, where he was formerly housed, and "Sheriff Clerance [sic] F. Birkhead" based on allegations that employees at the Detention Center held his legal mail and that Defendant Birkead is a "proxy" of the Detention Center.

The federal *in forma pauperis statute*, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis statute* provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2) when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

-2-

and plausibility of "entitlement to relief.""" Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim on which relief may be granted.

Plaintiff names his former defense attorney as a Defendant.  In actions under § 1983, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981).  Similarly, for purposes of suits filed under Bivens, federal defense counsel is not a federal official or representative.  Ashe v. Amburgey, No. 1:19-cv-26-FDW, 2019 WL 956814, at *3 (W.D.N.C. Feb. 27, 2019); Begara v. Chafin, No. 7:07CV00061, 2007 WL 549 114, at

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

\*2 (W.D. Va. Feb. 20, 2007). For this reason, Plaintiff cannot pursue a claim against Defendant Davis via a Bivens action. As for Defendant Davis's law firm, not only should the Court dismiss the claims against it for the same reason, but it also cannot be named simply because Defendant Davis works there. Theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor do not exist under Bivens. Iqbal, 556 U.S. at 677. The Complaint sets out no separate basis for liability. The law firm should be dismissed for this additional reason.

As for the Detention Center, only persons are subject to suit under § 1983 and the Detention Center is a building. Plaintiff does seek to use Defendant Birkhead as a "proxy" for the Center, but this is simply another way of naming him as a Defendant based merely on the fact that he is in charge of the Detention Center. There are no claims of any personal involvement in or knowledge of the alleged events by Defendant Birkhead. Similar to Bivens actions, theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor also do not exist in actions under § 1983. For these reasons, the claims against the Detention Center and Defendant Birkhead should also be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $2.87. Failure to comply with this Order will lead to dismissal of the Complaint.

-4-

Case 1:20-cv-01173-TDS-LPA    Document 5    Filed 04/13/21    Page 4 of 5

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $2.87.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid. Plaintiff has now been released from custody, but a copy of this order will be sent to his former trustee so that they are aware of the debt should he reenter custody.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief may be granted.

This, the 13th day of April, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**